## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Francesco Abruzzetti

v.

Stefan C. Long

June 4, 1996

Case No. (Law) CL940877

BY JUDGE THOMAS A. FORTKORT

This cause came upon the parties' respective motions for summary judgment. The issue in these summary judgment actions is whether the actions of the escrow agent in declaring the plaintiff in default of the escrow agreement foreseeably led to his forcible ouster from his business. The court agrees that the actions of the escrow agent foreseeably led to the plaintiff's ouster from his business.

Mr. and Mrs. Abbruzzetti were engaged in a bitter divorce. At one point in time, they agreed to certain terms in which either party could buy the business from the other upon certain conditions. Stefan C. Long, Esq., counsel for Mrs. Abbruzzetti, acted as escrow agent for both parties. Crucial to the Escrow Agreement and the parties' Offer to Purchase was a 72-hour time period which required certain acts to be done by Mr. Abbruzzetti if he wished to purchase the business. On October 9, 1992, the date in which the 72-hour time period would expire, Mrs. Abbruzzetti advised Mr. Long that Mr. Abbruzzetti had defaulted on the escrow agreement and that she, under the terms of that agreement, intended to purchase the business.

Mr. Long wrote a letter to Mr. Abbruzzetti, with a copy to his counsel, Charles O. Cake, Esq., that same day advising him that he was in default. The final sentence of that letter contains the crux of this case. It reads, "Pursuant to her offer of purchase, she [Mrs. Abbruzzetti] is entitled to assume control of the family business forthwith."

Armed with this letter, Mrs. Abbruzzetti entered the business accompanied by two uniformed guards and her current husband, Mr. Arden Johnson. When Mr. Abbruzzetti returned to the place of business, he was advised by the uniformed guards not to enter. The Alexandria police were summoned. When they arrived, they were shown Mr. Long's letter, and they advised Mr. Abbruzzetti to leave peaceably. He complied and shortly thereafter filed suit for specific performance.

On January 12, 1993, the Honorable Donald H. Kent entered an order of specific performance in favor of Mr. Abbruzzetti, finding that Mr. Abbruzzetti "complied with the terms of the October 6, 1992, contract, executed all required documents, and was a ready, willing, and able purchaser."

Following this decision in his favor, Mr. Abbruzzetti filed suit against Mr. Long seeking payment of the attorney's fees expended by him in his suit for specific performance. Both parties agree that, by acting solely upon the information provided by his client, Mr. Long failed to exercise the due diligence required of an escrow agent.

Mr. Abbruzzetti argues that the actions of Mrs. Abbruzzetti were reasonably foreseeable by Mr. Long when he wrote the default letter as escrow agent. Mr. Long argues that his letter simply set forth the legal position asserted by Mrs. Abbruzzetti and that any proximate cause relating to his letter was vitiated by Mrs. Abbruzzetti's independent intentional act of forcibly ejecting Mr. Abbruzzetti from his business.

While there is some evidence as to Mr. Long's knowledge of Mrs. Abbruzzetti's intentions, the court accepts, for the purpose of this motion, that he had no specific knowledge of what she intended to do beyond hand delivering his letter and her check for the purchase of the business to Mr. Abbruzzetti at the office of his attorney, Charles O. Cake.

Mr. Long argues that Mrs. Abbruzzetti clearly had a plan in mind when she sought the letter from him; that she did not disclose that plan to Mr. Long; that she received no direction from Mr. Long to act in the manner which she did; and that Mr. Long's letter of October 9, 1992, did not proximately cause in any fashion the actions of Mrs. Abbruzzetti either by the contents of the letter itself, by the writing of the letter by Mr. Long, or the delivery of the letter to Mr. Abbruzzetti and Mr. Cake.

Foreseeability is simply defined in Black's Law Dictionary as "The ability to see or to know in advance, hence, the reasonable anticipation that harm or injury is a likely result of acts or admissions." Black's Law dictionary 4th ed. page 777.

The court rejects the defendant's contention that he was simply forwarding to Mr. Abbruzzetti and his counsel Mrs. Abbruzzetti's position that Mr. Abbruzzetti had defaulted on the escrow agreement. A fair reading of the letter combined with the last sentence, which is clearly command language, allows only one conclusion, i.e., that Mr. Long, acting in his capacity as escrow agent, deemed Mr. Abbruzzetti to be in default and was ruling in Mrs. Abbruzzetti's favor.

Foreseeability provides a more complex question. A person does not have to foresee the precise injury that resulted. It is enough if a reasonably prudent person should have foreseen some injury would result from his negligence. The foreseeable injuries are all of the "natural consequences" of the negligent action.

It is possible that if Mrs. Abbruzzetti delivered the letter to Mr. Abbruzzetti's attorney, the attorney might have voluntarily relinquished the business to Mrs. Abbruzzetti based on Mr. Long's finding, as escrow agent, that Mr. Abbruzzetti was in default. Mr. Long did not have to foresee Mrs. Abbruzzetti's precise actions, but only that some injury would result from such a commanding letter. Additionally, Mr. Long did not have to foresee that the letter would result in Mr. Abbruzzetti's ouster from his business. His failure to investigate the default circumstances claimed by his client led to his conclusion that Mr. Abbruzzetti was in default and Mrs. Abbruzzetti could lawfully purchase the family business. Whatever means may have been resorted to by Mrs. Abbruzzetti, it was clearly foreseeable that she would make some effort to enforce her claim and that such effort would cause Mr. Abbruzzetti some damage either in business losses or potential attorney's fees in defending against Mrs. Abbruzzetti's claim. In short, while Mr. Long could not predict the precise course of action taken by Mrs. Abbruzzetti, the action she did take was within the contemplation of a prudent person and hence reasonably foreseeable.